IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LETTIER,<br><br>    Petitioner,<br><br>    vs.<br><br>EDDIE YLST, Acting Warden,<br><br>    Respondent. | No. C 06-4544 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

    Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the January 11, 2006 decision of the California Board of Parole Hearings ("BPH") denying him parole. Specifically, Petitioner claims the decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current threat to public safety and because BPH employed the "some evidence" standard rather than a preponderance of the evidence standard in evaluating his suitability for parole.

    The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied.

Swarthout v. Cooke, No. 10-333, slip op. at 4–5 (U.S. Jan. 24, 2011) (per curiam).  Here, the record shows Petitioner received at least this amount of process.  See Doc. #3, Exh. 3 at 5–9 & 73–80.  The Constitution does not require more.  Swarthout, slip op. at 5.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  Swarthout, slip op. at 6.  Accordingly, the instant federal Petition for a Writ of Habeas corpus is **DENIED**.

Further, a Certificate of Appealability is **DENIED**.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

The clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: February 8, 2011

JEFFREY S. WHITE  
United States District Judge

G:\JSWALL\Pro-Se Prisoner\2006\Lettier-06-4544-bph-deny-post cooke.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEITH LETTIER,

        Plaintiff,

  v.

CA BOARD OF PRISON HEARINGS et al,

        Defendant.
                                  /

Case Number: CV06-04544 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Lettier
3018 - 73rd Avenue
Oakland, CA 94605

Dated: February 8, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk